UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ELIZABETH SPENCER (MARIA F.),

                Plaintiff,                         **MEMORANDUM AND ORDER**
                                                                19-CV-0541 (WFK) (LB)

  -against-

DMITRY IVANSOR, DONALD TRUMP,

                Defendants.
---------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 24, 2019, Plaintiff Elizabeth Spencer, also known as Maria F., appearing *pro se*, filed this action. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. For the reasons set forth below, the Court dismisses the complaint.

## BACKGROUND

Plaintiff's handwritten complaint is largely indecipherable. *See generally*, Compl. In the caption, however, Plaintiff refers to "this Russian spy working against USA," *id.* at 1. In the statement of claim, Plaintiff mentions 1969 and states that "He doesn't want tell truth about his spy actions for Russian against USA." *Id.* at 7. Plaintiff includes a photograph printed from a YouTube channel purporting to be either Dmitry Ivansor or Donald Trump or both. *Id.* at 3.

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional.") (internal quotation marks omitted).

## DISCUSSION

Even under the most liberal review, the Court cannot discern what legally cognizable harm Plaintiff supposedly suffered, what acts of Defendants allegedly caused that harm or what rights were allegedly infringed. The only claim the Court is able to make out is that Plaintiff believes that either Dmitry Ivansor or President Donald Trump (or both) is a Russian spy and that some incident occurred in 1969. Compl. at 7. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Given the general incoherence of Plaintiff's complaint and the implausibility of Plaintiff's claim that the Court can discern, leave to amend is denied as futile. *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED:

*s/William F. Kuntz, II*

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
August 12, 2019