FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 19 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELIZABETH SPENCER (MARIA F.),

                Plaintiff,

-against-

DMITRY IVANSOR, DONALD TRUMP,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-0541 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 24, 2019, Plaintiff Elizabeth Spencer, also known as Maria F., appearing *pro se*, filed this action. By Memorandum and Order dated August 12, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and dismissed the complaint as frivolous. On August 13, 2019, the Clerk of Court entered judgment. On August 14, 2019, Plaintiff filed a motion to reopen this case. Plaintiff's motion is denied as set forth below.

The Court liberally construes Plaintiff's letter seeking to reopen this case as a motion for reconsideration. A motion for reconsideration of a court's judgment is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Generally, motions for reconsideration are not granted "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

1

Here, Plaintiff does not provide the Court with any controlling case law or data that it has overlooked nor does she allege facts demonstrating extraordinary circumstances warranting relief from the judgment of dismissal. Instead, Plaintiff continues to make nonsensical allegations concerning Donald Trump and Dmitri Ivansov and also alleges that she was "stolen" from her mother Princess Diana Spencer on June 21, 1945. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional.") (internal quotation marks omitted); 28 U.S.C. § 1915(e)(2)(B)(i). As such, Plaintiff has not shown that she is entitled to reconsideration of the Court's Memorandum and Order.

## CONCLUSION

Accordingly, Plaintiff's motion is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
August 15, 2019